# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. **12-20234**

CR - DIMITROULEAS

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)
18 U.S.C. § 371
18 U.S.C. § 2315

Sealed

MAGISTRATE JUDGE
SNOW

FILED by ___ D.C.

APR - 5 2012

STEVEN M. LARIMORE
CLERK U.S. DIST. CT
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

AMAURY VILLA,
ROBERTO GARCIA-AMADOR,
    a/k/a "Robertico,"
ERNESTO ROMERO VIDAL,
    a/k/a "Bemba,"
ABEL MESA SAMPER,
MICHAEL RANGEL,
    a/k/a "Michi,"
SUHONG WU,
GEOVANNI GONZALEZ,
PEDRO L. RANGEL,
CARLOS ALBERTO VALDES,
    a/k/a "Papa,"
YANNI A. SANCHEZ,
    and
LEONARDO MANUEL GUERRA,
    a/k/a "Leo,"

                Defendants.

_____/

## INDICTMENT

The Grand Jury charges that:

## COUNT 1

From on or about December 1, 2009, through on or about December 18, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

knowingly and intentionally combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury to distribute a Schedule IV controlled substance, that is, Alprazolam, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2); all in violation of Title 21, United States Code, Section 846.

## COUNT 2

On or about December 18, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

knowingly and intentionally distributed a Schedule IV controlled substance, that is, Alprazolam, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(2) and Title 18, United States Code, Section 2.

## COUNT 3

From on or about December 1, 2009, to on or about December 18, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

knowingly combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, that is, to sell goods of the value of $5000 or more which had crossed a State boundary after being stolen, knowing the goods to have been stolen, in violation of Title 18, United States Code, Section 2315.

## Purpose of the Conspiracy

It was the purpose of the conspiracy to sell for profit a quantity of Alprazolam, an anti-anxiety medication and Schedule IV controlled substance, which had been part of the cargo in a tractor-trailer that was stolen from a truck stop in Pennsylvania.

## Overt Acts

In furtherance of the conspiracy at least one of the co-conspirators committed at least one of the following overt acts in the Southern District of Florida:

1.    On or about December 5, 2009, defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba," met with two other persons at his house in Hallandale, Florida, to discuss sales of stolen property.

2.    On or about December 6, 2009, in Sweetwater, Florida, defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba," took $2000 as payment for arranging a sale of stolen Alprazolam.

3.    On or about December 18, 2009 in Sweetwater, Florida, defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba," arranged the sale of stolen Alprazolam to another person.

4.    On or about December 18, 2009, in Sweetwater, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered sixteen boxes containing a total of approximately 1500 bottles of stolen Alprazolam to another person.

All in violation of Title 18, United States Code, Section 371.

## COUNT 4

On or about December 18, 2009, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 1,500 bottles of Alprazolam, an anti-anxiety medication and Schedule IV controlled substance, knowing the Alprazolam to have been stolen, in violation of Title 18, United States Code, Section 2315 and Title 18, United States Code, Section 2.

## COUNT 5

From on or about February 17, 2010, to on or about March 9, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

knowingly combined, conspired, and agreed with each other and with others unknown to the Grand Jury to commit an offense against the United States, that is, to sell goods of the value of $5000 or more which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

### Purpose of Conspiracy

It was the purpose of the conspiracy to sell for profit a quantity of Clinda Reach, a prescription acne medication, which had been the cargo in a tractor-trailer that was stolen from a truck stop in Ohio.

### Overt Acts

In the futherance of the conspiracy at least one of the conspirators committed at least one of the following overt acts in the Southern District of Florida:

1.     On or about February 17, 2010, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico" met with another person and received a deposit of $5000 toward the purchase of a quantity of stolen medication.

2.     On or about March 4, 2010, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered a truckload of stolen Clinda Reach medication to another person.

3.     On or about March 9, 2010, in Miami, Florida defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba," received $7000 in cash as a commission from the sale of stolen Clinda Reach medication.

All in violation of Title 18, United States Code, Section 371.

### COUNT 6

On or about March 4, 2010, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**and**

5

**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that

is, approximately 1192 dosage units of Clinda Reach, a prescription acne medication, knowing the

Clinda Reach to have been stolen, in violation of Title 18, United States Code, Section 2315, and

Title 18, United States Code, Section 2.

## COUNT 7

On or about April 11, 2010, in Broward County, in the Southern District of Florida, the

defendants,

**CARLOS ALBERTO VALDES,**
**a/k/a "Papa,"**
**MICHAEL RANGEL,**
**a/k/a "Michi,"**
**YANNI A. SANCHEZ,**
**and**
**PEDRO L. RANGEL,**

possessed, concealed, and disposed of goods of the value of $5000 or more which had crossed a

State boundary after being stolen, that is, approximately 200 Zodiac brand inflatable boats and

accessories, knowing the boats and accessories to have been stolen, in violation of Title 18, United

States Code, Section 2315 and Title 18, United States Code, Section 2.

## COUNT 8

On or about April 21, 2010, in Broward County, in the Southern District of Florida, the

defendants,

**LEONARDO MANUEL GUERRA,**
**a/k/a "Leo,"**
**and**

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**

knowingly sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 2000 dosage units of Advair, a prescription asthma medication, knowing the Advair to have been stolen, in violation of Title 18, United States Code, Section 2315 and Title 18, United States Code, Section 2.

## COUNT 9

From on or about September 23, 2010, to on or about October 15, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**ERNESTO ROMERO VIDAL,**
**a/k/a "Bemba,"**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**and**
**ABEL MESA SAMPER,**

knowingly combined, conspired, and agreed with each other and with others unknown to the Grand Jury to commit an offense against the United States, that is, to sell goods of the value of $5000 or more which had crossed a State boundary after being stolen, knowing the goods to have been stolen, in violation of Title 18, United States Code, Section 2315.

### Purpose of the Conspiracy

It was the purpose of the conspiracy to sell for profit a quantity of pharmaceutical products which had been stolen in a burglary of a pharmaceutical warehouse in Virginia.

### Overt Acts

In furtherance of the conspiracy at least one of the co-conspirators committed at least one of

7

the following overt acts in the Southern District of Florida:

1.    On or about September 23, 2010, in Miami, Florida, defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba" provided samples of stolen pharmaceuticals to another person.

2.    On or about October 4, 2010, in Miami, Florida, defendants ERNESTO ROMERO VIDAL, a/k/a "Bemba," ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and ABEL MESA SAMPER provided samples of stolen pharmaceuticals to another person.

3.    On or about October 8, 2010, in Miami, Florida, defendants ERNESTO ROMERO VIDAL, a/k/a "Bemba," ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and ABEL MESA SAMPER met with another person and discussed the sale of 43 pallets of stolen pharmaceuticals that were concealed in Orlando, Florida.

4.    On or about October 13, 2010, in Miami, Florida, defendants ERNESTO ROMERO VIDAL, a/k/a "Bemba," ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and ABEL MESA SAMPER made plans for the sale of two truckloads of stolen pharmaceuticals in the possession and control of ABEL MESA SAMPER to another person in Orlando, Florida.

5.    On or about October 14, 2010, in Orlando, Florida, defendants ERNESTO ROMERO VIDAL, a/k/a "Bemba," ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and ABEL MESA SAMPER met with other persons to organize the delivery of and payment for two truckloads of stolen pharmaceuticals.

6.    On or about October 14, 2010, in Orlando, Florida, defendant ABEL MESA SAMPER and another person loaded two rental trucks with pharmaceutical products that had been stolen from a pharmaceutical manufacturer.

7.    On or about October 14, 2010, in Orlando, Florida, defendant ROBERTO GARCIA-

AMADOR, a/k/a "Robertico" received $45,000 as partial payment for two truckloads of stolen pharmaceuticals.

8.      On or about October 14, 2010, in Orlando, Florida, defendant ABEL MESA SAMPER delivered to another person two trucks loaded with stolen GlaxoSmithKline brand pharmaceuticals.

9.      On or about October 15, 2010, in Orlando, Florida, defendants ERNESTO ROMERO VIDAL, a/k/a "Bemba," ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and ABEL MESA SAMPER met at a restaurant to complete the sale of 43 pallets of stolen pharmaceuticals.

10.     On or about October 15, 2010, in Orlando, Florida, defendant ABEL MESA SAMPER delivered to another person two trucks loaded with additional stolen GlaxoSmithKline brand pharmaceuticals.

11.     On or about October 15, 2010, in Orlando, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico" received $45,000 as payment for 43 pallets of stolen GlaxoSmithKline pharmaceuticals.

12.     On or about October 16, 2010, in Miami, Florida, defendant ERNESTO ROMERO VIDAL, a/k/a "Bemba," received $2670 as a commission payment for arranging the sale of stolen GlaxoSmithKline pharmaceuticals.

## COUNT 10

From on or about September 16, 2010, to on or about December 20, 2010, in Miami-Dade and Broward Counties, in the Southern District of Florida, the defendants,

**MICHAEL RANGEL,**
**a/k/a "Michi,"**
**and**

9

**GEOVANNI GONZALEZ,**

knowingly combined, conspired, and agreed with each other and with others known and unknown to the Grand Jury to commit an offense against the United States, that is, to sell goods of the value of $5000 or more which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

### Purpose of Conspiracy

It was the purpose of the conspiracy to sell for profit a quantity of Remicade, a prescription medicine used to treat arthritis and other diseases, which had been part of the cargo in a tractor-trailer stolen from a truck stop in Tennessee.

### Overt Acts

In the furtherance of the conspiracy at least one of the conspirators committed at least one of the following overt acts in the Southern District of Florida:

1.     On or about September 16, 2010, in Miami, Florida, defendant MICHAEL RANGEL, a/k/a/ "Michi", provided another person with a sample bottle of Remicade medicine.

2.     On or about November 13, 2010 in Hialeah, Florida, defendant MICHAEL RANGEL, a/k/a "Michi," offered to sell another person a large quantity of stolen Remicade medicine.

3.     On or about November 22, 2010, in West Park, Florida defendant MICHAEL RANGEL, a/k/a ""Michi," met with another person to plan the delivery of a quantity of stolen Remicade medicine.

4.     On or about November 23, 2010, in West Park, Florida, defendants MICHAEL RANGEL, a/k/a ""Michi," and GEOVANNI GONZALEZ delivered five boxes of Remicade medicine to another person.

10

5.      On or about November 23, 2010, in West Park, Florida, defendants MICHAEL RANGEL a/k/a ""Michi" and GEOVANNI GONZALEZ received $52,500 as payment for stolen Remicade.

6.      On or about November 24, 2010, in West Park, Florida, defendant MICHAEL RANGEL, a/k/a ""Michi," received $2500 as a commission for arranging the sale of stolen Remicade.

7.      On or about December 15, 2010, in West Park, Florida, defendants MICHAEL RANGEL, a/k/a ""Michi," and GEOVANNI GONZALEZ delivered 5 boxes of stolen Remicade to another person.

8.      On or about December 15, 2010, in West Park, Florida, defendant MICHAEL RANGEL, a/k/a ""Michi," and GEOVANNI GONZALEZ received $52,500 as payment for stolen Remicade.

9.      On or about December 17, 2010, in West Park, Florida defendant MICHAEL RANGEL, a/k/a ""Michi," received $1400 as a commission for arranging the sale of stolen Remicade.

10.     On or about December 20, 2010, in West Park, Florida defendant MICHAEL RANGEL, a/k/a ""Michi," received $1100 as his remaining commission for arranging the sale of stolen Remicade.

All in violation of Title 18, United States Code, Section 371.

## COUNT 11

On or about November 23, 2010, in Broward County, in the Southern District of Florida, the defendants,

11

**MICHAEL RANGEL,**
**a/k/a "Michi,"**
**and**
**GEOVANNI GONZALEZ,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 500 dosage units of Remicade, a prescription medicine used to treat arthritis and other diseases, knowing the Remicade to have been stolen, in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code, Section 2.

## COUNT 12

On or about December 15, 2010, in Broward County, in the Southern District of Florida, the defendants,

**MICHAEL RANGEL,**
**a/k/a "Michi,"**
**and**
**GEOVANNI GONZALEZ,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 500 dosage units of Remicade, a prescription medicine used to treat arthritis and other diseases, knowing the Remicade to have been stolen, in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code, Section 2.

## COUNT 13

From on or about June 13, 2011, to on or about October 14, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**AMAURY VILLA,**
**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**and**
**SUHONG WU,**

12

knowingly combined, conspired, and agreed with each other and with others unknown to the Grand Jury to commit an offense against the United States, that is, to sell goods valued at $5000 or more, which had crossed a State boundary after being stolen, knowing the same to have been stolen, in violation of Title 18, United States Code, Section 2315.

### Purpose of Conspiracy

It was the purpose of the conspiracy to sell for profit Eli Lilly brand pharmaceuticals, including anti-psychotic and anti-depressant medicines, which had been stolen in the burglary of a pharmaceutical company warehouse in Connecticut.

### Overt Acts

In the furtherance of the conspiracy at least one of the conspirators committed at least one of the following overt acts in the Southern District of Florida:

1.	On or about June 13, 2011, at his house in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," gave another person a bottle of Zyprexa and a bottle of Cymbalta.

2.	On or about June 29, 2011, at his house in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," discussed with another person the prices at which they could sell stolen Zyprexa and Cymbalta.

3.	On or about July 11, 2011, at his house in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered 12 boxes of stolen Zyprexa to another person.

4.	On or about July 12, 2011, at GARCIA-AMADOR's house in Miami, Florida, defendants ROBERTO GARCIA-AMADOR, a/k/a "Robertico," and SUHONG WU discussed

delivering additional Zyprexa with another person who agreed to buy it.

5.   On or about July 18, 2011, defendant SUHONG WU delivered eight boxes of stolen Zyprexa to defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," at GARCIA-AMADOR's residence in Miami, Florida.

6.   On or about July 18, 2011, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered eight boxes of stolen Zyprexa to another person.

7.   On or about July 19, 2011, at his house in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," received $35,040 as payment for the sale of stolen Zyprexa.

8.   On or about August 4, 2011, in Miami, Florida, defendant AMAURY VILLA delivered boxes of stolen Zyprexa and Cymbalta to defendant SUHONG WU.

9.   On or about August 4, 2011, in Miami, Florida, defendant SUHONG WU delivered boxes of stolen Zyprexa and Cymbalta to defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," at his residence in Miami, Florida.

10.   On or about August 4, 2011, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered seventeen boxes of stolen Zyprexa and three boxes of stolen Cymbalta to another person.

11.   On or about August 4, 2011, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," received $36,600 as payment for stolen Zyprexa and Cymbalta.

12.   On or about October 7, 2011, in Miami, Florida, defendant SUHONG WU contacted ROBERTO GARCIA-AMADOR, a/k/a "Robertico," by phone to discuss arrangements for delivering quantities of stolen pharmaceuticals.

13.   On or about October 7, 2011, in Doral, Florida, defendant AMAURY VILLA drove

to a storage facility to obtain stolen Zyprexa from a mini-warehouse.

14.     On or about October 7, 2011, in Doral, Florida, defendant SUHONG WU received boxes of stolen Zyprexa.

15.     On or about October 7, 2011, defendant SUHONG WU delivered boxes of stolen Zyprexa to defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," at GARCIA-AMADOR's residence in Miami, Florida.

16.     On or about October 7, 2011, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," delivered 36 boxes of stolen Zyprexa to another person.

17.     On or about October 7, 2011, in Miami, Florida, defendant ROBERTO GARCIA-AMADOR, a/k/a "Robertico," received $39,000 as part payment for 36 boxes of stolen Zyprexa.

All in violation of Title 18, United States Code, Section 371.

### COUNT 14

On or about July 11, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**SUHONG WU,**
**and**
**AMAURY VILLA,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 576 bottles of Zyprexa, an anti-psychotic medicine, knowing the Zyprexa to have been stolen, in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code, Section 2.

## COUNT 15

On or about July 18, 2011, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**SUHONG WU,**
**and**
**AMAURY VILLA,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that

is, approximately 96 bottles of Zyprexa, an anti-psychotic medicine, and approximately 960 bottles

of Cymbalta, an anti-depressant medicine, knowing the Zyprexa and Cymbalta to have been stolen,

in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code, Section

2.

## COUNT 16

On or about August 4, 2011, in Miami-Dade County, in the Southern District of Florida, the

defendants,

**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**SUHONG WU,**
**and**
**AMAURY VILLA,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that

is, approximately 816 bottles of Zyprexa, an anti-depressant  medicine, and approximately 144

bottles of Cymbalta, an anti-depressant medicine, knowing the Zyprexa and Cymbalta to have been

stolen, in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code,

Section 2.

16

## COUNT 17

On or about October 7, 2011, in Miami-Dade County, in the Southern District of Florida, the defendants,

**ROBERTO GARCIA-AMADOR,**
**a/k/a "Robertico,"**
**SUHONG WU,**
**and**
**AMAURY VILLA,**

sold goods of the value of $5000 or more which had crossed a State boundary after being stolen, that is, approximately 1728 bottles of Zyprexa medicine, knowing the Zyprexa to have been stolen, in violation of Title 18, United States Code, Section 2315, and Title 18, United States Code, Section 2.

## COUNT 18

From on or about June 13, 2011 to on or about October 14, 2011, in Miami-Dade County, in the Southern District of Florida, the defendant,

**AMAURY VILLA,**

possessed , concealed, and stored goods valued at $5000 or more which had crossed a State boundary after being stolen, that is, approximately 4654 boxes of stolen Eli Lilly pharmaceuticals, including Zyprexa, Cymbalta, Prozac, Gemzar, and other medicines, knowing the pharmaceuticals to have been stolen, in violation of Title 18, United States Code, Section 2315.

## CRIMINAL FORFEITURE

a.      The allegations of Counts 1 through 18 of this indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 28, United States Code, Section 2461 and Title 18, United States

Code, Section 981(a)(1)(C).

b.      Upon conviction of any of the offenses charged in Counts 1 through 18, the defendants shall forfeit to the United States all property, real and personal, constituting proceeds derived from the aforesaid offenses and all property traceable to such property, including but not limited to all U.S. currency received for the sale of stolen property.

c.      If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

> (1)  cannot be located upon exercise of due diligence;
>
> (2)  has been transferred or sold to, or deposited with a third person;
>
> (3)  has been placed beyond the jurisdiction of the Court;
>
> (4)  has been substantially diminished in value, or
>
> (5)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

All pursuant to Title 28, United States Code, Section 2461; Title 18, United States Code, Section 981(a)(1)(C), and Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON


_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY

_____
MONIQUE BOTERO
ASSISTANT UNITED STATES ATTORNEY

19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|
| vs. | |
| AMAURY VILLA, et al., | **CERTIFICATE OF TRIAL ATTORNEY\*** |
| _____Defendants./ | **Superseding Case Information:** |

**Court Division:** (Select One)

| | | New Defendant(s) | Yes _____ No ____ |
|---|---|---|---|
| X  Miami | ____ Key West | Number of New Defendants | _____ |
| ____ FTL | ____ WPB ____ FTP | Total number of counts | _____ |

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:      (Yes or No)      Yes
   List language and/or dialect      Spanish

4. This case will take      12      days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)                    (Check only one)

   | | | | | | |
   |---|---|---|---|---|---|
   | I | 0 to 5 days | | Petty | | |
   | II | 6 to 10 days | X | Minor | | |
   | III | 11 to 20 days | | Misdem. | | |
   | IV | 21 to 60 days | | Felony | X | |
   | V | 61 days and over | | | | |

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge: _____      Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?      (Yes or No)    No
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____      District of _____

   Is this a potential death penalty case? (Yes or No)      No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   _____ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   _____ Yes   X   No

_____
FRANK H. TAMEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 261289

\*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **AMAURY VILLA**

**Case No**: _____

Count #: 13

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\* Max.Penalty**:        Five Years' Imprisonment

Counts #: 14, 15, 16, and 17

Sales of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty**:        Ten Years' Imprisonment

Count #: 18

Conceal and store stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty**:        Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **ROBERTO GARCIA-AMADOR, a/k/a "Robertico"**

**Case No**: _____

**Count #: 1**

Conspiracy to distribute controlled substance

Title 21, United States Code, Section 846

**\* Max.Penalty**:        Five Years' Imprisonment

**Count #: 2**

Distribution of controlled substance

Title 21, United States Code, Section 841

**\*Max. Penalty**:        Five Years' Imprisonment

**Counts  #: 3, 5, and 13**

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty**:        Five Years' Imprisonment

**Counts  #: 4, 6 and 14 through 17**

Sale of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty**:        Ten Years' Imprisonment

**Count  #: 9**

Conspiracy to sell and dispose of stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**        Five Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **ERNESTO ROMERO VIDAL, a/k/a "Bemba"**

**Case No**: _____

**Count #: 1**

Conspiracy to distribute controlled substance

Title 21, United States Code, Section 846

**\* Max.Penalty**:        Five Years' Imprisonment

**Count #: 2**

Distribution of controlled substance

Title 21, United States Code, Section 841

**\*Max. Penalty**:        Five Years' Imprisonment

**Counts  #: 3 and 5**

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty**:        Five Years' Imprisonment

**Counts  #: 4 and 6**

Sale of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty**:        Ten Years' Imprisonment

**Count #: 8**

Sale and disposal of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**       Ten Years' Imprisonment

**Count #: 9**

Conspiracy to sell and dispose of stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**       Five Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: **ABEL MESA SAMPER**

**Case No**: _____

**Count #: 9**

  Conspiracy to sell and dispose of stolen goods

  Title 18, United States Code, Section 371

**\*Max. Penalty:**        Five Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**: **MICHAEL RANGEL, a/k/a "Michi"**

**Case No**: _____

**Count #: 7**

Possess, conceal and dispose of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**      Ten Years' Imprisonment

**Count #: 10**

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**      Five Years' Imprisonment

**Counts #: 11 and 12**

Sales of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**      Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **SUHONG WU**

**Case No**: _____

**Count #: 13**

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**      Five Years' Imprisonment

**Counts #: 14, 15, 16, and 17**

Sales of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**      Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name: GEOVANNI GONZALEZ**

**Case No**: _____

**Count #: 10**

Conspiracy to sell stolen goods

Title 18, United States Code, Section 371

**\*Max. Penalty:**     Five Years' Imprisonment

**Counts #: 11 and 12**

Sales of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**     Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**: **PEDRO L. RANGEL**

**Case No**: _____

**Count #: 7**

Possess, conceal and dispose of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**        Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: **CARLOS ALBERTO VALDES, a/k/a "Papa"**

**Case No**: _____

**Count  #: 7**

  Possess, conceal and dispose of stolen goods

  Title 18, United States Code, Section 2315

**\*Max. Penalty:**        Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**: YANNI A. SANCHEZ

**Case No**: _____

**Count #: 7**

  Possess, conceal and dispose of stolen goods

  Title 18, United States Code, Section 2315

**\*Max. Penalty:**      Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** **LEONARDO MANUEL GUERRA, a/k/a "Leo"**

**Case No**: _____

**Count #: 8**

Sale and disposal of stolen goods

Title 18, United States Code, Section 2315

**\*Max. Penalty:**        Ten Years' Imprisonment

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**