UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AMAURY VILLA,                      CASE NO. 16-21420-CV-DIMITROULEAS
                                                                       (12-20234-CR-DIMITROULEAS)

       Petitioner,

vs.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## FINAL JUDGMENT AND ORDER DENYING MOTION TO VACATE

THIS CAUSE is before the Court on Defendant's April 19, 2016 Motion to Vacate [DE-1]. The Court has considered the court file and PreSentence Investigation Report (PSIR) and having presided over this cause, finds as follows:

1. On April 5, 2012, Villa, along with nine co-defendants, was indicted. [CR-DE-3]. He was charged with Conspiracy to Sell Stolen Goods, four (4) counts of Sale of Stolen Goods, and one count of Concealing Stolen Goods. The Conspiracy and Concealing counts occurred from June 13, 2011 until October 14, 2011. The other substantive offenses occurred on July 11, 18, August 4 and October 7, 2011, respectively.

2. In this court, Villa was represented by Frank Rubino. [CR-DE-97].

3. On September 14, 2012, Villa pled guilty to the Conspiracy count and one count of Sale of Stolen Goods [CR-DE-236] pursuant to a plea agreement. [CR-DE-237]. There was no agreement on the amount of loss.

1

4. On November 15, 2012, Objections to the Pre-Sentence Investigation Report (PSIR) were filed. [CR-DE-262]. There was no objection to the amount of loss.[1] A motion for downward departure was also filed. [CR-DE-236]. The Government filed responses. [CR-DE-276, p. 276].

5. On November 26, 2012, Villa was sentenced to 140 months in prison, the low end of the guidelines range [CR-DE-285]. Had the amount of loss been calculated at less than or equal to $50,000,000, the guideline range would have been 120-150 months, and the Court would have likely considered another low end sentence: 120 months.

6. On December 19, 2012, this Court dismissed a Motion for Reconsideration of Sentence. [CR-DE-292].

7. On January 15, 2013, Attorney Maria Perez filed her Notice of Appearance. [CR-DE-303].

8. On January 21, 2015, the Eleventh Circuit Court of Appeal affirmed. [CR-DE-362]. *U.S. v. Villa*, 589 Fed. Appx. 532 (11th Cir. 2015). Mandate issued on February 19, 2015. Villa's conviction became final on April 21, 2015 when he did not file a petition for writ of certiorari in the United States Supreme Court. *Bond v. Moore*, 309 F. 3d 770, 774 (11th Cir. 2002).

9. In this timely collateral attack, Villa complains about ineffective assistance of counsel at sentencing and in counsel's not filing a motion to dismiss.

10. First, Villa complains that trial counsel should have objected to the scoring of the amount of loss at sentencing. He cites to discovery, evidence and a verdict in a civil case, 13-80371cv. However, he does not explain how trial counsel could have known about that information, as the civil case was not filed until after Villa's sentencing. Moreover, he does not explain how trial counsel could have obtained that information from the victim, where there are no depositions in federal criminal cases. Indeed, it appears that current post conviction relief counsel represented Villa in a related case in the District of Connecticut in case number 12-40 JBA. It appears that she was not aware of this additional information

---

[1] The PSIR reported a loss of $80,000,000, resulting in an increase of 24 levels (page 13, para. 43 of PSIR). Defense counsel objected to paragraphs 44 and 65of the PSIR; those objections were sustained. [CR-DE-319, pp. 5,13].

2

until March 27, 2015. [DE-468 in 12-40JBA], which was months after Villa had pled guilty to the Connecticut charge. Indeed, Villa concedes that the Connecticut judge determined an amount of loss that would not have changed his advisory guidelines range here[2]. Finally, what an insurance company calculates its responsibility to be on a claim is not dispositive on the amount of loss to be calculated on the guidelines. Here, there were varying estimates of the amount of loss: $44 million versus $60 million. The fair market value of stolen goods should reflect the market in which the victim would have sold them. *U.S. v. Lige*, 635 F. 3d 668, 672 (5th Cir. 2011). Here, Frank Rubino is an experienced criminal defense attorney, with approximately forty (40) years of experience. When examining the performance of an experienced trial counsel, the presumption that his conduct was reasonable is even stronger. *Lawrence v. Sec'y, D.O.C.*, 700 F. 3d 464, 478 (11th Cir. 2012). Rubino did seek a downward departure from the guidelines. Although the Court must first correctly calculate the guidelines, Rubino may very well have concluded that his efforts would be better utilized concentrating on a downward departure. When a court can conceive of a reasonable motivation for trial counsel's actions, it can deny a claim of ineffective assistance of counsel without an evidentiary hearing. *Gordon v. U.S.*, 518 F. 3d 1293, 1302 (11th Cir. 2008).

11. Second, Villa complains that trial counsel should have filed a Motion to Dismiss on double jeopardy grounds. However, such a motion would have been denied here, as it was in Connecticut. [DE-129 in 12-40 JBA]. Indeed, as the Connecticut judge indicated, the Fifth Amendment prohibits successive prosecutions. [DE-129, p. 4, n.2 in 12-40 JBA]. Villa was sentenced to 98 months in Connecticut, concurrent to the Florida sentence. [DE-484 in 12-40 JBA]. The Connecticut sentence occurred second. No prejudice can be shown, as a motion to dismiss would have been denied.

Wherefore, Villa's Motion to Vacate [DE-1] is Denied.

The Clerk shall close this case and deny any pending motions as moot.

---

[2] That sentence is on appeal to the Second Circuit.

3

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 25th day of April, 2016.

*William P. Dimitrouleas*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of Record